## Case No. 4,516.

ERIE RY. CO. et al. v. HEATH et al.

[10 Blatchf. 214.] [1]

Circuit Court, S. D. New York. Oct. 14, 1872.

Barlow, Larocque & McFarland, for the company.

Kenneth G. White (the master), in pro. per.

BLATCHFORD, District Judge. The 82d of the rules in equity prescribed by the supreme court provides, that "the compensation to be allowed to every master in chancery, for his services in any particular case, shall be fixed by the circuit court, in its discretion, having regard to all the circumstances thereof, and the compensation shall be charged upon and borne by such of. the parties in the cause as the court shall direct."

The $6,005,600 of stock which passed through the hands of the master, in executing the decree of the court, represented, at the market value thereof at the time, about $2,000,000 of money. Under the act of February 26, 1853. (10·Stat. 163), the clerk of the court, if that amount of money had passed through his hands, would have been entitled. for receiving it, keeping it, and paying it out, under the order of the court, to one per cent. on the amount, or $20,000.

Receivers are allowed usually, as commissions, a per centage on the moneys passing through their hands.

By the laws of New York, the commissions of an executor or administrator, for receiving and paying out $2,000,000, are over $20,000.

It is also made known to the court, that, according to the established usage in the city of New York, the compensation of a broker, for receiving shares of stock, is one-eighth of one per cent. on the nominal or par value of the shares, and the same for delivering them. Such compensation, at those rates, on the $6,005,600 of stock, would be $15,014.

The fees of the master, not objected to, for services in the suit, under the decree of reference, running through a period of ten months, and exclusive of the receipt. custody, registration and delivery of the certificates for the shares of stock, amount to $2,690.71. His disbursements, for stenographers' fees, use of safe, carriage hire and watchmen, were $554.80.

The course which the master pursued, of receiving the certificates of stock, then causing them to be registered, and then delivering them to the defendants, was one acquiesced in by both parties. The defendants insisted upon such course, in order that the certificates should be registered while in the custody of the master, and should not be delivered to them until the registration had taken place. The Erie Railway Company insisted upon delivering the certificates to the master. The certificates were 6,027 in number. They were registered while in the custody of the master, and then delivered to the defendants, and the provisions of the decree were carried out by the master with fidelity and punctuality, without interruption, and to the attainment of the result expressed in the decree.

It seems to me proper that this special service in regard to the certificates should be compensated by a special allowance. It was a highly responsible service, and, independently of its nature as a trust, the circumstances which had attended the litigation in its previous stages, were such as to make great caution on the part of the master necessary, in order that the certificates might not be interfered with or intercepted before their delivery to the defendants in the completed form directed by the decree. Since the discharge of this service by the master, the management of the affairs of the Erie Railway Company has passed into the hands of new directors, who are represented by counsel who took no part in the litigation referred to. They submit the matter of the compensation of the master entirely to the discretion of the court, without suggestion as to amount, and with the expression of a desire that he shall be properly compensated, and of a willingness to pay such proper compensation.

On a review of all the facts in the case, I fix the compensation of the master at the sum of $7,500. in addition to the $2,690.71, allowing to him, also, the $554.80 of disbursements. thus making the entire amount allowed to him, $10,745.51. This amount is to be paid to him by the Erie Railway Company.

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]